**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JOHN DOE 1 AND JANE DOE 1,** | * | |
| **ON BEHALF OF THEIR** | | |
| **MINOR CHILD 1,** | * | |
| | | |
| **and** | * | |
| | | |
| **JANE DOE 2** | * | |
| **ON BEHALF OF HER** | | |
| **MINOR CHILD 2,** | * | |
| | | |
|     **Plaintiffs,** | * | **Civil Action No. _____** |
| | | |
|      **v.** | * | |
| | | |
| **MANUEL GARCIA FERNANDEZ** | * | |
| **DCDC No. 358-877** | | |
| **1901 D Street, SE** | * | |
| **Washington, DC 20003,** | | |
| | * | |
| **LATIN AMERICAN MONTESSORI** | * | |
|   **BILINGUAL PUBLIC CHARTER** | * | |
|   **SCHOOL ("LAMB")** | | |
| **1375 Missouri Avenue, NW** | * | |
| **Washington, DC 20011** | | |
| | * | |
|     *Serve*: | | |
|     **Anna Marie Yombo** | * | |
|     **Registered Agent** | | |
|     **Latin American Montessori** | * | |
|       **Bilingual Public Charter School** | | |
|     **1375 Missouri Avenue, NW** | * | |
|     **Washington, DC 20011,** | | |
| | * | |
| **DIANE COTTMAN, MAT** | | |
| **Former Executive Director** | * | |
| **Latin American Montessori Bilingual** | | |
|   **Public Charter School** | * | |
| **13200 Vandine Street** | | |
| **Upper Marlboro, Maryland 20774** | * | |
| **Individually and in Her Official** | | |
| **Capacity as an Agent of LAMB,** | * | |

**and**                                           *

**CRISTINA ENCINAS**                              *
**Former Principal**
**Latin American Montessori Bilingual**           *
  **Public Charter School**
**7130 9th Street, NW**                           *
**Washington, DC 20012**
**Individually and in Her Official**              *
**Capacity as an Agent of LAMB,**
                                                  *
    **Defendants.**
                                                  *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## CIVIL COMPLAINT AND JURY DEMAND

Plaintiffs Jane Doe 1 and John Doe 1, on behalf of Minor Child 1 (hereinafter, "Minor 1"), and Jane Doe 2 on behalf of Minor Child 2 (hereinafter, "Minor 2"),[1] by and through undersigned counsel, hereby file this Federal civil action and allege the following:

## NATURE OF THE CASE

1.    Plaintiffs sue Defendant Manuel Garcia Fernandez, seeking damages and other relief, for his sexual assaults against Minor 1 and Minor 2, while they were students at Latin American Montessori Bilingual Public Charter School ("LAMB"), and for intentional infliction of emotional distress upon Minor 1 and Minor 2.

2.    Plaintiffs also sue Defendants LAMB, Diane Cottman, MAT, and Cristina Encinas, seeking damages and other relief, for Defendants LAMB, Cottman, and Encinas's violation of Title IX of the Education Amendments of 1972, codified at 20 U.S.C. § 1681(a) ("Title IX"), gross negligence, assault (aiding and abetting), and gross negligent infliction of emotional distress upon Minor 1 and Minor 2.

---

[1] Contemporaneously with the filing of their Complaint, Plaintiffs have filed a Motion for Leave to Proceed Under Pseudonyms in this matter.

## PARTIES

3.      Plaintiff Minor 1 is a natural person, a citizen of the United States, and was, at all times relevant herein, a resident of the District of Columbia.  Plaintiff Minor 1 is and was, at all relevant times herein, a minor.  Plaintiff Minor 1 was previously enrolled as a student at LAMB, and was a student at LAMB at all relevant times herein.

4.      Plaintiff Minor 1's parents, John Doe 1 and Jane Doe 1, sue on Minor 1's behalf.

5.      Jane Doe 1 is a natural person, a citizen of Italy, and was, at all times relevant herein, a resident of the District of Columbia.  Jane Doe 1 is Minor 1's natural and legal parent.

6.      John Doe 1 is a natural person, a citizen of Argentina, and was, at all times relevant herein, a resident of the District of Columbia.  John Doe is Minor 1's natural and legal parent.

7.      Plaintiff Minor 2 is a natural person, a citizen of the United States, and a resident of the District of Columbia.  Plaintiff Minor 2 is and was, at all relevant times herein, a minor.  Plaintiff Minor 2 was previously enrolled as a student at LAMB, and was a student at LAMB at all relevant times herein.

8.      Plaintiff Minor 2's parent, Jane Doe 2, sues on Minor 2's behalf.

9.      Jane Doe 2 is a natural person, a citizen of the United States, and a resident of the District of Columbia.  Jane Doe 2 is Minor 2's natural and legal parent.

10.      Defendant LAMB is a corporation registered in the District of Columbia, which owns and operates the Latin American Montessori Bilingual Public Charter School, located at 1375 Missouri Avenue, NW, Washington, DC 20011.   Defendant LAMB also has locations at 1800 Perry Street, NE, Washington DC 20018, and 1399 Aspen Street, NW, Washington DC, 20012.

11.     Defendant LAMB is a recipient of Federal funds within the meaning of 20 U.S.C. § 1681(a).

12.     Defendant LAMB is a charter school formed pursuant to D.C. Code § 38-1802.01, *et seq.* that provides educational services to District of Columbia students.

13.     D.C. Code § 38-1802.04 allows for LAMB's civil liability, and states that LAMB is also subject to Title IX.

14.     Defendant Manuel Garcia Fernandez ("Defendant Fernandez") is a convicted sex offender.

15.     At all times relevant herein, Defendant Fernandez was a teacher at LAMB.

16.     At all times relevant herein, Defendant Diane Cottman ("Defendant Cottman"), in her official capacity, was the Executive Director of LAMB.  Defendant Cottman is being sued in her official and individual capacity.

17.     At all times relevant herein, Defendant Cristina Encinas ("Defendant Encinas"), in her official capacity, was the Principal of LAMB.  Defendant Encinas is being sued in her official and individual capacity.

18.     Defendant LAMB was acting through its respective employees, servants, agents, or other affiliates, including, but not limited to, Defendants Fernandez, Cottman, and Encinas, as to the matters alleged herein.

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this litigation involves matters of Federal law, specifically claims made under the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq.*

4

20.     This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367, as they form part of the same case or controversy stemming from the allegations that form the basis of the Federal claims in this action.

21.     Venue in this District is proper pursuant to 28 U.S.C. § 1391, as all of the relevant facts giving rise to this case and damages sustained by Plaintiffs occurred in this District.

## FACTUAL ALLEGATIONS

22.     Minor 1 and Minor 2 attended LAMB as students from 2007 to 2015, graduating from the Fifth Grade in 2015.

23.     On or about March 7, 2013, Defendant LAMB announced that Defendant Fernandez would teach full-time in the Spanish immersion environment.

24.     Defendant LAMB also announced that Defendant Fernandez had a "music" background.

25.     When Minor 1 entered the Third Grade at LAMB, Minor 1 was taught by Defendant Fernandez.

26.     When Minor 2 entered the Fourth Grade at LAMB, Minor 2 was taught by Defendant Fernandez.

27.     Defendant Fernandez remained Minor 1 and Minor 2's teacher through 2015, when they graduated from Fifth Grade.

28.     From approximately 2013 through 2015, while he was Minor 1 and/or Minor 2's teacher at LAMB, Defendant Fernandez sexually abused Minor 1 and/or Minor 2.

29.     Also, from November 2013 to June 2015, while Defendant Fernandez was Minor 1 and Minor 2's teacher at LAMB, Minor 1 and Minor 2 attended numerous overnight school-sponsored field trips.

30.     Defendant Fernandez attended these overnight, school-sponsored field trips as a chaperone.

31.     Based on information and belief, during these overnight, school-sponsored field trips, Defendant Fernandez attempted to touch and/or touched the genitals of LAMB students.

32.     Beginning approximately in or around 2013, Defendant Fernandez took Minor 1 and/or Minor 2 to a room in the basement of LAMB, where he would sexually assault Minor 1 and/or Minor 2.

33.     During this time, Minor 1 began exhibiting unusual behavior, including, but not limited to, becoming upset, suffering from an eye twitch, having trouble sleeping, waking up agitated, and being afraid of being alone in Minor 1's basement, taking a shower or going to the bathroom alone.  Minor 1 also began suffering from anxiety, having trouble breathing and was sad and despondent.

34.     In or around 2014, a neighbor who lived across the street from Defendant LAMB reported to Defendant LAMB that Defendant Fernandez was playing with students during outdoor recess in an inappropriate manner.

35.     Based on information and belief, Defendant LAMB did not investigate this report, and Defendant LAMB continued to employ Defendant Fernandez.

36.     In or around January 2015, Defendant Cottman and Defendant Encinas telephoned John Doe 1 and Jane Doe 1 and asked them to come to the school.

37.     On January 9, 2015, Defendant Encinas telephoned Jane Doe 2 and asked that she come to the school as soon as possible that day for an urgent matter.

38.     Defendant Cottman and Defendant Encinas were authorized to terminate Defendant Fernandez's employment.

39.     Defendant Cottman and Defendant Encinas informed John Doe 1 and Jane Doe 1 that a teacher discovered Defendant Fernandez at the basement door, preparing to leave the basement, with Minor 1 and another LAMB student behind him.

40.     Defendant Cottman and Defendant Encinas informed Jane Doe 2 that a teacher reported seeing Defendant Fernandez, Minor 2, and another LAMB student coming up from the basement as the reporting teacher was passing by the door from the basement leading into the main hallway.

41.     Defendant Cottman and Defendant Encinas informed John Doe 1, Jane Doe 1 and Jane Doe 2 that Defendant Fernandez told the reporting teacher that he went to the basement to gather science materials.

42.     Defendant Cottman and Defendant Encinas informed John Doe 1 and Jane Doe 1 that Defendant Fernandez also told the reporting teacher that Minor 1 and the other student were playing, and he, Defendant Fernandez, turned off the lights to get the students' attention, so that they would leave the basement.

43.     Defendant Cottman and Defendant Encinas did not inform John Doe 1, Jane Doe 1 or Jane Doe 2 that teachers were not permitted to take students out of the classroom in this manner.

44.     Instead, Defendants Encinas and Cottman told John Doe 1, Jane Doe 1 and Jane Doe 2 that it was normal for Defendant Fernandez to go into the basement to get science materials.

45.     Jane Doe 2 informed Defendant Cottman that there were numerous events that had occurred within the past year.  These stated actions included, but were not limited to: Defendant Fernandez making and emailing videos to Minor 2, Defendant Fernandez sending excessive emails to Minor 2, Defendant Fernandez sending excessive Google instant messages to Minor 2, and Defendant Fernandez exhibiting an overall high level of interaction with Minor 2.

46.     On or about January 12, 2015, Minor 1 was interviewed at Safe Shores, the District of Columbia's Child Advocacy Center (hereinafter, "Safe Shores").

47.     On January 13, 2015, Minor 2 was interviewed at Safe Shores.

48.     Defendant Fernandez was placed on a leave of absence, from January 9, 2015 to March 30, 2015 from LAMB.

49.     Defendant LAMB did not inform the students' parents that Defendant Fernandez had been placed on leave, until January 29, 2015.

50.     Defendant LAMB did not interview other students to determine if they were victims of Defendant Fernandez or witnesses to his criminal conduct.

51.     Defendant LAMB did not contact any school parents to request their children's cell phones and/or electronic communication applications be turned over to the Metropolitan Police Department ("MPD") as evidence.

52.     Based on information and belief, Defendant LAMB told Defendant Fernandez's students that he was going to be absent for a period of time, but Defendant LAMB did not inform Defendant Fernandez's students or his students' parents of the true reason why Defendant Fernandez was placed on administrative leave.  Instead, Defendant Cottman informed parents that Defendant Fernandez was out for "personal reasons."

53.     Following Minor 1 and Minor 2's interview at Safe Shores by an individual associated with the government, a Safe Shores advocate warned a MPD detective ("the investigating detective") that often times children, as in the case of Minor 1 and Minor 2, do not immediately speak about sexual abuse they had suffered.

54.     Also following Minor 1's interview at Safe Shores, the MPD instructed John Doe 1 and Jane Doe 1 to wait for a status report on the results of its investigation.

55.    Following Minor 2's forensic interview at Safe Shores, Safe Shores notified Jane Doe 2 that she would be contacted in a few days to hear the results of the investigation.  Jane Doe 2 was notified that the investigating detective was not able to be present the day of Minor 2's interview, but he would soon watch a recorded copy of the interview.

56.    On February 17, 2015, the investigating detective called Jane Doe 2 and informed her that MPD was closing the case.

57.    On or around March 26, 2015, Defendant Encinas informally ran into Jane Doe 2 in the hallway at LAMB and informed Jane Doe 2 that the that Defendant Fernandez would return to LAMB on Monday, March 30, 2015.

58.    On or around March 30, 2015, Defendant LAMB reinstated Defendant Fernandez to his position as a teacher at the school.

59.    When he returned to LAMB in or around March 2015, Defendant Fernandez resumed his position as Minor 1 and Minor 2's teacher.

60.    Defendant LAMB did not inform the parents of children in Defendant Fernandez's class that a MPD investigation had taken place regarding Defendant Fernandez.

61.    Defendant Fernandez remained as Minor 1 and Minor 2's teacher until they graduated from Fifth Grade, in or around June 2015.

62.    At no time, before or after Defendant Fernandez was reinstated, did Defendant LAMB, Defendant Cottman, or Defendant Encinas inform John Doe 1, Jane Doe 1 or Jane Doe 2 that there was a separate incident involving Minor 1, Minor 2, and Defendant Fernandez, in which Defendant Fernandez took these two children to LAMB's basement for a second time for 20 minutes, and locked the door.

63.     Upon information and belief, the teacher who made the report about the incident described above in paragraphs 39 through 42, also, and at the same time, made a report about a second incident.

64.     On January 14, 2015, the investigating detective responded to Defendant LAMB's location at 1800 Perry Street, NE, Washington, DC 20018, to take a report about the second incident that occurred on January 8, 2015.

65.     The investigating detective's January 14, 2015 report states the following:

> R-1 reported that S-1 brought C-1 and C-2 to the basement of the listed location.  R-1 reported that after 20 minutes he went to check on C-1 and C-2.  R-1 reports that S-1, C-1 and C-2 were in the basement with the door locked and when confronted they had facial expressions as if they were caught doing something wrong.

66.     At no time did Defendant LAMB report to John Doe 1, Jane Doe 1, or Jane Doe 2, or the parents of other students at LAMB, that Minor 1 and Minor 2 were in the basement with Defendant Fernandez for approximately 20 minutes with the door locked.

67.     At no time did Defendant LAMB report to John Doe 1, Jane Doe 1, or Jane Doe 2, or the parents of other students at LAMB, that Minor 1 and Minor 2 "had facial expressions as if they were caught doing something wrong" when they, along with Defendant Fernandez, were confronted by the reporting teacher.

68.     At no time did Defendant LAMB report to John Doe 1, Jane Doe 1, or Jane Doe 2, or the parents of other students at LAMB, that a police report had been filed concerning this incident.

69.     Indeed, at no time did Defendant LAMB disclose the contents of the investigating detective's January 14, 2015 police report to John Doe 1, Jane Doe 1, or Jane Doe 2, or the parents of other students at LAMB.

70.     Upon Defendant Fernandez's return to LAMB, teachers continued to report to Defendant LAMB their concerns about Defendant Fernandez's interactions with students and his failure to observe appropriate boundaries.

71.     Defendant LAMB admitted on November 29, 2017, that:  "These concerns were similar to those previously shared. These concerns were repeatedly reported by the same teachers to members of administration. These teachers requested a meeting with administration to discuss these concerns. However, administrators failed to appropriately address them."

72.     Also upon Defendant Fernandez's return to LAMB, Minor 2 started to appear nervous and fidgeting in class. This was reported to Jane Doe 2 on April 12, 2015, via email by the classroom co-teacher who stated, "I just wanted to check in with you to see how [Minor 2] is adjusting to the classroom with having three teachers in the classroom now. [Minor 2] has approached me a few times for a fidget, and has shown a little bit of nervous energy. [Minor 2] mentioned that it's been an adjustment for [Minor 2], and I wanted to check to see if [Minor 2] mentioned anything at home."

73.     Based on Defendant LAMB's grossly negligent investigation and supervision of Defendant Fernandez, John Doe 1, Jane Doe 1, and Jane Doe 2 permitted Defendant Fernandez to continue to teach Minor 1 and Minor 2 at LAMB.

74.     Based on what Defendants LAMB, Cottman, and Encinas told John Doe 1 and Jane Doe 1 about their grossly negligent investigation, John Doe 1 and Jane Doe 1 permitted Defendant Fernandez to continue to give private piano lessons to Minor 1.

75.     Defendant Fernandez's sexual abuse of Minor 1 and Minor 2 continued when he returned from leave in or around March 2015.

76.     In addition to allowing Defendant Fernandez to return to his position as a teacher at LAMB, Defendants LAMB, Cottman and Encinas allowed Defendant Fernandez to privately counsel students, and also allowed Defendant Fernandez to attend numerous LAMB-sponsored overnight field trips with students and "going out" trips with students.  In these "going out" trips, Defendant Fernandez would take students off school grounds, as the sole chaperone on the trips. Furthermore, LAMB did not alert the parents of the investigation of Defendant Fernandez.

77.     One of the LAMB-sponsored overnight field trips occurred on or about June 8, 2015 through June 10, 2015.  Minor 1 told John Doe 1 and Jane Doe 1 that Minor 1 did not want to go on this field trip. Based on information and belief, during this overnight field trip, Defendant Fernandez removed ticks from the bodies of multiple undressed male LAMB students.

78.     Another teacher at Defendant LAMB reported to Defendant LAMB that Defendant Fernandez was inappropriately having students sit on his lap.

79.     Upon information and belief, Defendant LAMB did not address this report and Defendant Fernandez remained employed by Defendant LAMB.

80.     At no time did Defendant LAMB report the foregoing complaints to the parents of students attending LAMB.

81.     In or around February 2017, Defendant LAMB allowed Defendant Fernandez to take a small group of LAMB students on an off-campus field trip.  Upon information and belief, there were no other adults present during this off-campus field trip.

82.     Upon information and belief, in or around January and February 2017, three children reported being abused by the Defendant Fernandez, during this school-sponsored trip.

83.     On or about February 21, 2017, Defendant Cottman emailed the current parents of LAMB students who were taught by Defendant Fernandez, to announce a meeting that would take

place on February 23, 2017.  In her email, Defendant Cottman stated that the meeting was being called to discuss a matter that was sensitive and confidential.

84.    On or around February 23, 2017, Defendants Cottman and Encinas held the meeting referenced in Defendant Cottman's February 21, 2017 email.  During this meeting, Defendant Cottman, for the first time, stated that Defendant Fernandez was under investigation by the MPD for inappropriate contact with a student.  Defendant Cottman would not confirm whether the inappropriate contact was sexual in nature.

85.    Also during the February 23, 2017 meeting, a LAMB parent asked Defendants Cottman and Encinas whether there had been any previous investigations of Defendant Fernandez, or whether these were the first allegations brought against him.  Defendant Cottman initially denied that Defendant Fernandez had ever been the subject of a prior investigation.  However, after the LAMB parents repeatedly questioned Defendant Cottman about any prior investigations into Defendant Fernandez, Defendant Cottman ultimately acknowledged the investigation that had occurred in 2015.  Defendant Cottman stated that the 2015 investigation of Defendant Fernandez was different, as that incident was not reported by a child.  Defendant Cottman also maintained that there was no link between the 2015 incident and the 2017 incident involving Defendant Fernandez.

86.    John Doe 1, Jane Doe 1 and Jane Doe 2 were not informed of the February 23, 2017 meeting.

87.    After this meeting, at no time did Defendant LAMB offer mental health assistance to LAMB students or parents, who had just learned that Defendant Fernandez had engaged in inappropriate contact with his students.

13

88.     Also in or around February 24, 2017, Minor 1 reported to his parents the sexual abuse Minor 1 suffered at the hands of Defendant Fernandez.  This sexual abuse included, but was not limited to, touching of Minor 1 by Defendant Fernandez, Defendant Fernandez forcing Minor 1 to watch pornography, including child pornography, and Defendant Fernandez putting his hands inside Minor 1's pants to touch Minor 1's genitals and buttocks.  Minor 1 also reported that Defendant Fernandez had told Minor 1 that Minor 1 was his favorite student.  Minor 1 reported to Minor 1's parents that Defendant Fernandez touched Minor 1 on a daily basis, and that Defendant Fernandez took Minor 1 to LAMB's basement approximately twice a week.  Minor 1 reported that this abuse continued after Defendant Fernandez returned from his leave in March 2015.

89.     On or around February 24, 2017, Defendant Fernandez was arrested and charged with the sexual abuse of three LAMB students.

90.     After Defendant Fernandez's arrest, Minor 2 reported to Jane Doe 2 the sexual abuse Minor 2 suffered at the hands of Defendant Fernandez.  This sexual abuse included, but was not limited to, touching of Minor 2 by Defendant Fernandez, including Defendant Fernandez putting his hand inside Minor 2's pants to touch Minor 2's thighs and genitals.

91.     On or about February 26, 2017, Defendant LAMB notified alumni LAMB parents of Defendant Fernandez's arrest.

92.     In or around February 27, 2017, Defendant LAMB, through a LAMB employee, held a session with the current LAMB students who had been taught by Defendant Fernandez.  During this meeting, the LAMB employee emphasized confidentiality and secrecy with the students.  Upon information and belief, these students left this meeting with the impression that they should not discuss Defendant Fernandez's sexual misconduct.  Following this meeting, some of these students even told their parents that it was not right to talk about other people's business.

93.     Following this meeting, a group of LAMB parents offered to provide Defendant LAMB with the services of a crisis management firm, which would also provide counseling to LAMB students, at a discounted rate.   Defendant LAMB did not engage with these parents. Defendant LAMB did not provide any counseling services, aside from a LAMB employee who did not have the necessary training to deal with this type of trauma.

94.     After Minor 1 reported Defendant Fernandez's sexual abuse to Minor 1's parents, Minor 1 was interviewed for a second time at Safe Shores in or around March 9, 2017.

95.     During this second interview at Safe Shores, Minor 1 was interviewed by a social worker.  While Minor 1 was being interviewed, a Safe Shores advocate advised John Doe 1 and Jane Doe 1 that Safe Shores had started using social workers to interview children instead of individuals from the government, because those individuals were not trained to interview children. The investigating detective once again sat in on Minor 1's Safe Shores interview.  John Doe 1 and Jane Doe 1 were not provided with a summary and/or report of Minor 1's interview.

96.     After Minor 2 reported Defendant Fernandez's sexual abuse to Jane Doe 2, Jane Doe 2 contacted the reporting teacher from the 2015 incident on March 2, 2017.

97.     During her telephone conversation with the reporting teacher on March 2, 2017, Jane Doe 2 learned, for the first time, that the reporting teacher had witnessed two incidents in the basement, between Defendant Fernandez, Minor 1, and Minor 2.

98.     The first incident involved the witness seeing Defendant Fernandez, Minor 1, and Minor 2 coming up from the basement. This is the incident Jane Doe 2 was made aware of in 2015.

99.     The second incident involved the reporting teacher seeing Defendant Fernandez, Minor 1, and Minor 2 leave a classroom to go to the basement.  After Defendant Fernandez, Minor

1, and Minor 2 had not returned after 20 minutes, the reporting teacher went to the basement and found the door was locked.

100.    Jane Doe 2's telephone call with the reporting teacher on March 2, 2017, was the first time Jane Doe 2 discovered that Minor 1 and Minor 2 were in the basement with Defendant Fernandez for approximately 20 minutes with the door locked.

101.    Minor 2 was interviewed for a second time at Safe Shores on March 9, 2017. During this interview, Minor 2 stated that Defendant Fernandez would take Minor 2 and other LAMB students into the basement under the guise of getting materials for an experiment, but instead played hide-and-seek.   In Defendant Fernandez's version of this game, Defendant Fernandez would wait until the other LAMB students were distracted and would then touch Minor 2's genitals and thighs both over and under Minor 2's clothes.

102.    On or about March 21, 2017, the Chair of LAMB's Board of Directors sent a letter to LAMB parents.  In this letter, Defendant LAMB, for the first time, acknowledged that Defendant Fernandez was investigated by the MPD in 2015, that Defendant Fernandez was placed on administrative leave, and that the MPD did not file charges in the matter.

103.    Also on March 21, 2017, the Washington Post published an article discussing Defendant Fernandez's sexual abuse of LAMB students.

104.    After reading this Washington Post article, John Doe 1 and Jane Doe 1, for the first time, discovered that Minor 1 and Minor 2 were in the basement with Defendant Fernandez for approximately 20 minutes with the door locked.

105.    On June 2, 2017, Defendant Fernandez pled guilty to a Criminal Information charging him with multiple counts of felony and misdemeanor sexual abuse, in *District of*

*Columbia v. Manuel Garcia Fernandez*, Criminal Case No. 2017 CF1 003335 (D.C. Super. Ct. 2017).

106.   As part of *District of Columbia v. Manuel Garcia Fernandez*, Criminal Case No. 2017 CF1 003335 (D.C. Super. Ct. 2017), Defendant Fernandez pled guilty to a felony count for sexually abusing Minor 1 while Minor 1 was a student at Defendant LAMB.

107.   Information about Defendant Fernandez's abuse of Minor 2 was presented to the Court by the government.

108.   On December 1, 2017, Defendant Fernandez was sentenced to 8 years imprisonment, with 25 years of supervised release as a sex-offender to commence after his period of incarceration.

109.   On November 29, 2017 the LAMB Board of Directors sent a letter to the "LAMB Community," in which it released some details of an internal investigation.

110.   The letter acknowledged that several LAMB teachers observed "concerning interactions" between the Defendant Fernandez and students, and that teachers shared these concerns with the administration, but appropriate actions were not taken.

111.   These "concerning interactions" included immature classroom behaviors and a physical familiarity with students by Defendant Fernandez that made other teachers uncomfortable.

112.   The letter stated that the two children involved in the basement incidents in 2015 (Minor 1 and Minor 2), were the subject of reports by other teachers employed by Defendant LAMB.

113.   The letter stated that Defendant LAMB and its administration failed to recognize these inappropriate behaviors as red flags and failed to make appropriate decisions.

17

114.    The letter stated that upon Defendant Fernandez's return in 2015, the inappropriate behavior continued and was ongoing. Defendant Fernandez had been told to desist in engaging in these behaviors, but continued to do so, and Defendant LAMB should have terminated his employment for continued violation of instructions.

115.    Defendants LAMB, Cottman, and Encinas failed to comply with their statutory responsibility under Title IX to respond to Defendant Fernandez's continual sexual abuse of Minor 1 and Minor 2.

116.    Defendants LAMB, Cottman, and Encinas were fully aware of their obligation under Title IX to conduct an investigation into Defendant Fernandez's continual sexual abuse of Minor 1 and Minor 2.

117.    Defendants LAMB, Cottman, and Encinas failed to provide any investigative findings to Plaintiffs and never informed Plaintiffs of their available recourse on behalf of Minor 1 and Minor 2.

118.    As a result of Defendants LAMB, Cottman, and Encinas's failure to properly conduct an investigation and terminate Defendant Fernandez, Minor 1 and Minor 2 suffered severe psychological and emotional distress.

119.    Minor 1 and Minor 2 endured sexual abuse and suffered sex-based discrimination that was severe, pervasive and objectively offensive.

120.    The sexual abuse that Minor 1 and Minor 2 endured, the sex-based harassment that they suffered, and the subsequent emotional and psychological trauma that followed from Defendants LAMB, Cottman, and Encinas's failure to properly address Defendant Fernandez's illegal actions deprived Minor 1 and Minor 2 of educational opportunities and benefits of the school.

18

121.    Defendants LAMB, Cottman, and Encinas had actual knowledge of the sexual abuse and sex-based harassment of Minor 1 and Minor 2.

122.    Defendants LAMB, Cottman, and Encinas had the authority to take remedial action to terminate Defendant Fernandez's employment.

123.    Instead, Defendants LAMB, Cottman, and Encinas responded and acted with deliberate indifference to the sexual abuse and sex-based harassment suffered by Minor 1 and Minor 2.

124.    Defendants LAMB, Cottman, and Encinas's acts and conduct were such that reasonable students who encountered or were confronted with the same or similar circumstances as Minor 1 and Minor 2 would be reluctant to report sexual abuse and/or harassment.

125.    As a direct and proximate result of the harassing and hostile educational environment created by Defendants LAMB, Cottman, and Encinas's deliberate indifference in their response to the sexual abuse perpetrated by Defendant Fernandez against Minor 1, Minor 1 has suffered, and continues to suffer, severe psychological damage, emotional stress and distress, and difficulty sleeping.

126.    As a direct and proximate result of the harassing and hostile educational environment created by Defendants LAMB, Cottman, and Encinas's deliberate indifference in their response to the sexual abuse perpetrated by Defendant Fernandez against Minor 2, Minor 2 has suffered, and continues to suffer, severe psychological damage, emotional stress and distress.

127.    Due to Defendant Fernandez's continual and pervasive sexual abuse, Minor 1 has required, and will continue to require, mental health counseling to, including but not limited to, cope with the aftermath of the sexual assault, the emotional stress and distress, and feeling that Minor 1 had done something wrong.

128.     Due to Defendant Fernandez's continual and pervasive sexual abuse, Minor 2 has required, and could continue to require, mental health counseling to, including but not limited to, cope with the aftermath of the sexual assault, the emotional stress and distress, feelings that Minor 2 had done something wrong, and the tremendous guilt that because Minor 2 did not initially disclose being sexually abused in 2015, so many other children were then assaulted by Defendant Fernandez.

129.     Minor 1 and Minor 2 have been deprived of a normal childhood education due to Defendants' acts and conduct, and the resulting educational environment.  Furthermore, Minor 1 and Minor 2 have been damaged by missed educational opportunities and their future earning capabilities have been damaged by Defendants' acts and conduct and the resulting hostile educational environment.

## COUNT I

**(Violation of Title IX (20 U.S.C. § 1681, *et seq*.))**
**(Asserted Against Defendants LAMB, Cottman, and Encinas**
**By John Doe 1 and Jane Doe 1, On Behalf of Their Minor Child 1)**

130.     Plaintiffs incorporate all preceding paragraphs into this Count by reference as though fully stated herein.

131.     Defendants LAMB, Cottman, and Encinas had actual notice of Defendant Fernandez's sexual misconduct against Minor 1.

132.     Defendants LAMB, Cottman, and Encinas, by their action and inaction, created a climate whereby criminal sexual misconduct was tolerated, thus encouraging repeated misconduct and proximately causing injury to Plaintiffs.

133.     Defendants LAMB, Cottman, and Encinas, individually and through their agents, had actual knowledge of sexual assaults, exploitation, discrimination and harassment Defendant

Fernandez perpetrated against Minor 1 and Minor 2 and other young LAMB students on school grounds, when he used his authority as a school employee to seclude himself with them.

134.   The individuals with actual knowledge, including Defendants LAMB, Cottman, and Encinas, had the authority and ability to investigate and take meaningful corrective action to end or prevent the sexual assaults, exploitation, discrimination and harassment, but failed to do so.

135.   The sexual abuse, exploitation, discrimination, and harassment Defendant Fernandez inflicted on Minor 1 and Minor 2 was severe, pervasive, and objectively offensive, and effectively barred Minor 1 and Minor 2's access to an education opportunity and benefit.

136.   Minor 1 and Minor 2 suffered repeated school employee-on-student sexual assault and harassment, which is considered sex discrimination prohibited by Title IX.

137.   The sexual harassment Minor 1 and Minor 2 suffered created a hostile environment at LAMB.

138.   By its actions and inactions, Defendants LAMB, Cottman, and Encinas acted with deliberate indifference toward the rights of Minor 1, Minor 2 and other LAMB students to a safe and secure education environment, thus materially impairing Minor 1's ability to pursue Minor 1's education at LAMB in violation of the requirements of Title IX.

139.   Specifically, Defendants LAMB, Cottman, and Encinas violated Title IX by, *inter alia*:

        a.   Choosing to take no action to protect Minor 1 and Minor 2, despite knowledge of a need to supervise, discipline, warn, terminate or take other corrective action to prevent Defendant Fernandez's discrimination and harassment against Minor 1, Minor 2 and other students;

b. Failing to conduct an internal investigation into allegations of Defendant Fernandez's criminal misconduct;

c. Allowing its employee Defendant Fernandez to remain employed at LAMB;

d. Allowing its employee Defendant Fernandez to continue to have unsupervised contact with students;

e. Failing to inform Minor 1, Minor 2 and other students' families of the danger posed by Defendant Fernandez when he was repeatedly allowed to exercise control over LAMB students, remove them from classes, and confine them with him long enough to sexually abuse them, or was deliberately indifferent thereto;

f. Creating a climate that tolerated sexual assault, exploitation, abuse and other misconduct, and that tolerated the complete disregard of reports of sexual misconduct by Defendant Fernandez, or the unusual, dangerous conduct engaged in by Defendant Fernandez over a period of years, or was deliberately indifferent thereto;

g. Failing to provide, offer, recommend or coordinate adequate health, psychological, counseling, and academic assistance and services to Minor 1 and Minor 2 after Defendant Fernandez sexually assaulted and abused them, or was deliberately indifferent thereto;

h. Failing to develop policies and procedures to address complaints of sexual abuse of a student by a teacher or other school board employees;

i. Failing to report suspected child abuse, in violation of and as mandated by D.C. Code § 4-1321.02;

    j.   Failing to provide policy or training for its administrators and employees about sexual harassment and assault, sexual abuse, child abuse, or mandatory reporting;

    k.   Failing to timely terminate or otherwise discipline Defendants LAMB, Cottman, and Encinas, and agents identified herein for their willful disregard to Minor 1, Minor 2 and other students' safety and rights, or was deliberately indifferent thereto; and

    l.   Through other actions, inactions, and deliberate indifference.

140.   As a direct and proximate result of Defendants LAMB, Cottman, and Encinas's action, inaction, and deliberate indifference, Minor 1 sustained and continues to sustain injuries for which Minor 1 is entitled to be compensated, including but not limited to:

    a.   Past, present, and future physical and psychological pain, suffering and impairment;

    b.   Medical bills, counseling, and other costs and expenses for past and future medical and psychological care;

    c.   Impaired educational capacity;

    d.   Impaired future earning capability;

    e.   Attorneys' fees and costs; and

    f.   Such other and further relief as this Court deems just and proper.

## COUNT II

**(Violation of Title IX (20 U.S.C. § 1681, *et seq*.))**
**(Asserted Against Defendants LAMB, Cottman, and Encinas**
**By Jane Doe 2, On Behalf of Her Minor Child 2)**

141.     Plaintiffs incorporate all preceding paragraphs into this Count by reference as though fully stated herein.

142.     Defendants LAMB, Cottman, and Encinas had actual notice of Defendant Fernandez's sexual misconduct against Minor 2.

143.     Defendants LAMB, Cottman, and Encinas, by their action and inaction, created a climate whereby criminal sexual misconduct was tolerated, thus encouraging repeated misconduct and proximately causing injury to Plaintiffs.

144.     Defendants LAMB, Cottman, and Encinas, individually and through their agents, had actual knowledge of sexual assaults, exploitation, discrimination and harassment Defendant Fernandez perpetrated against Minor 1 and Minor 2 and other young LAMB students on school grounds when he used his authority as a school employee to seclude himself with them.

145.     The individuals with actual knowledge, including Defendants LAMB, Cottman, and Encinas, had the authority and ability to investigate and take meaningful corrective action to end or prevent the sexual assaults, exploitation, discrimination and harassment, but failed to do so.

146.     The sexual abuse, exploitation, discrimination, and harassment Defendant Fernandez inflicted on Minor 1 and Minor 2 was severe, pervasive, and objectively offensive, and effectively barred Minor 1 and Minor 2's access to an education opportunity and benefit.

147.     Minor 1 and Minor 2 suffered repeated school employee-on-student sexual assault and harassment, which is considered sex discrimination prohibited by Title IX.

148.    The sexual harassment Minor 1 and Minor 2 suffered created a hostile environment at LAMB.

149.    By its actions and inactions, Defendants LAMB, Cottman, and Encinas acted with deliberate indifference toward the rights of Minor 1, Minor 2 and other LAMB students to a safe and secure education environment, thus materially impairing Minor 2's ability to pursue Minor 2's education at LAMB in violation of the requirements of Title IX.

150.    Specifically, Defendants LAMB, Cottman, and Encinas violated Title IX by, *inter alia*:

a. Choosing to take no action to protect Minor 1 and Minor 2, despite knowledge of a need to supervise, discipline, warn, or take other corrective action to prevent Defendant Fernandez's discrimination and harassment against Minor 1, Minor 2 and other students;

b. Failing to conduct an internal investigation into allegations of Defendant Fernandez's criminal misconduct;

c. Allowing its employee Defendant Fernandez to remain employed at LAMB;

d. Allowing its employee Defendant Fernandez to continue to have unsupervised contact with students;

e. Failing to inform Minor 1, Minor 2 and other students' families of the danger posed by Defendant Fernandez when he was repeatedly allowed to exercise control over LAMB students, remove them from classes, and confine them with him long enough to sexually abuse them, or was deliberately indifferent thereto;

f. Creating a climate that tolerated sexual assault, exploitation, abuse and other misconduct, and that tolerated the complete disregard of reports of sexual

misconduct by Defendant Fernandez, or the unusual, dangerous conduct engaged in by Defendant Fernandez over a period of years, or was deliberately indifferent thereto;

g. Failing to provide, offer, recommend or coordinate adequate health, psychological, counseling, and academic assistance and services to Minor 1 and Minor 2 after Defendant Fernandez sexually assaulted and abused them, or was deliberately indifferent thereto;

h. Failing to develop policies and procedures to address complaints of sexual abuse of a student by a teacher or other school board employees;

i. Failing to report suspected child abuse, in violation of and as mandated by D.C. Code § 4-1321.02;

j. Failing to provide policy or training for its administrators and employees about sexual harassment and assault, sexual abuse, child abuse, or mandatory reporting;

k. Failing to timely terminate or otherwise discipline Defendants LAMB, Cottman, and Encinas, and agents identified herein for their willful disregard to Minor 1, Minor 2 and other students' safety and rights, or was deliberately indifferent thereto; and

l. Through other actions, inactions, and deliberate indifference.

151. As a direct and proximate result of Defendants LAMB, Cottman, and Encinas's action, inaction, and deliberate indifference, Minor 2 sustained and continues to sustain injuries for which Minor 2 is entitled to be compensated, including but not limited to:

a. Past, present, and future physical and psychological pain, suffering and impairment;

b. Medical bills, counseling, and other costs and expenses for past and future medical and psychological care;

c. Impaired educational capacity;

d. Impaired earning capability;

e. Attorneys' fees and costs; and

f. Such other and further relief as this Court deems just and proper.

## COUNT III

**(Gross Negligence)**
**(Asserted Against Defendants LAMB, Cottman, and Encinas**
**By John Doe 1 and Jane Doe 1, On Behalf of Their Minor Child 1)**

152.    Plaintiffs incorporate all preceding paragraphs into this Count by reference as though fully stated herein.

153.    The Defendants owed a duty of care to Minor 1 and Minor 2.

154.    The Defendants acted with deliberate indifference and reckless disregard to the foreseeable consequences of their failures described herein to ensure a safe educational environment for Minor 1 and Minor 2.

155.    The Defendants knew or should have known of Defendant Fernandez's sexual misconduct and propensity for inappropriate behavior involving students.

156.    The Defendants acted with deliberate indifference or recklessly disregarded the foreseeable consequences of Defendant Fernandez's inappropriate conduct by allowing him to have continued unsupervised contact with students.

157.     The Defendants' failure to inform the students' families of the danger posed by Defendant Fernandez when he was repeatedly allowed to exercise control over LAMB students, remove them from classes, and confine them with him long enough to sexually abuse them, or was deliberately indifferent or reckless, highly unreasonable and an extreme deviation from the ordinary standard of care.

158.     The Defendants' conduct in failing to take any remedial action against Defendant Fernandez and retaining him as an employee was highly unreasonable and constitutes an extreme deviation from the ordinary standard of care exercised by an educational institution responsible for the safety and welfare of its students.

159.     The Defendants' failure to provide, offer, recommend or coordinate adequate health, psychological, counseling, and academic assistance and services to Minor 1 and Minor 2 after Defendant Fernandez sexually assaulted and abused them, was highly unreasonable and an extreme deviation from the ordinary standard of care.

160.     The Defendants' failure to provide policy or training for their administrators and employees about sexual harassment and assault, sexual abuse, child abuse, or mandatory reporting was highly unreasonable and an extreme deviation from the ordinary standard of care.

161.     The Defendants' failure to timely terminate or otherwise discipline Defendants Cottman, Encinas, and agents identified herein for their willful disregard to Minor 1, Minor 2 and other students' safety and rights, was highly unreasonable and an extreme deviation from the ordinary standard of care.

162.     The Defendants' deliberate indifference and reckless disregard of the foreseeable consequences of Defendant Fernandez's behavior was highly unreasonable and an extreme deviation from the ordinary standard of care.

163.     The Defendants acted with conscious indifference and reckless disregard for the safety of Minor 1 and Minor 2.

164.     As a direct and proximate result of the Defendants' gross negligence, Minor 1 sustained and continues to sustain injuries for which Minor 1 is entitled to be compensated, including but not limited to:

     a.   Past, present, and future physical and psychological pain, suffering and impairment;

     b.   Medical bills, counseling, and other costs and expenses for past and future medical and psychological care;

     c.   Impaired educational capacity;

     d.   Impaired earning capability;

     e.   Attorneys' fees and costs; and

     f.   Such other and further relief as this Court deems just and proper.

## COUNT IV

**(Gross Negligence)**
**(Asserted Against Defendants LAMB, Cottman, and Encinas**
**By Jane Doe 2, On Behalf of Their Minor Child 2)**

165.     Plaintiffs incorporate all preceding paragraphs into this Count by reference as though fully stated herein.

166.     The Defendants owed a duty of care to Minor 1 and Minor 2.

167.     The Defendants acted with deliberate indifference and reckless disregard to the foreseeable consequences of their failures described herein to ensure a safe educational environment for Minor 1 and Minor 2.

168.    The Defendants knew or should have known of Defendant Fernandez's sexual misconduct and propensity for inappropriate behavior involving students.

169.    The Defendants acted with deliberate indifference or recklessly disregarded the foreseeable consequences of Defendant Fernandez's inappropriate conduct by allowing him to have continued unsupervised contact with students.

170.    The Defendants' failure to inform the students' families of the danger posed by Defendant Fernandez when he was repeatedly allowed to exercise control over LAMB students, remove them from classes, and confine them with him long enough to sexually abuse them, or was deliberately indifferent or reckless, highly unreasonable and an extreme deviation from the ordinary standard of care.

171.    The Defendants' conduct in failing to take any remedial action against Defendant Fernandez and retaining him as an employee was highly unreasonable and constitutes an extreme deviation from the ordinary standard of care exercised by an educational institution responsible for the safety and welfare of its students.

172.    The Defendants' failure to provide, offer, recommend or coordinate adequate health, psychological, counseling, and academic assistance and services to Minor 1 and Minor 2 after Defendant Fernandez sexually assaulted and abused them, was highly unreasonable and an extreme deviation from the ordinary standard of care.

173.    The Defendants' failure to provide policy or training for their administrators and employees about sexual harassment and assault, sexual abuse, child abuse, or mandatory reporting was highly unreasonable and an extreme deviation from the ordinary standard of care.

174.    The Defendants' failure to timely terminate or otherwise discipline Defendants Cottman, Encinas, and agents identified herein for their willful disregard to Minor 1, Minor 2 and

other students' safety and rights, was highly unreasonable and an extreme deviation from the ordinary standard of care.

175.     The Defendants' deliberate indifference and reckless disregard of the foreseeable consequences of Defendant Fernandez's behavior was highly unreasonable and an extreme deviation from the ordinary standard of care.

176.     The Defendants acted with conscious indifference and reckless disregard for the safety of Minor 1 and Minor 2.

177.     As a direct and proximate result of the Defendants' gross negligence, Minor 2 sustained and continues to sustain injuries for which Minor 2 is entitled to be compensated, including but not limited to:

      a.  Past, present, and future physical and psychological pain, suffering and impairment;

      b.  Medical bills, counseling, and other costs and expenses for past and future medical and psychological care;

      c.  Impaired educational capacity;

      d.  Impaired earning capability;

      e.  Attorneys' fees and costs; and

      f.  Such other and further relief as this Court deems just and proper.

## COUNT V

**(Assault)**
**(Asserted Against Defendant Fernandez By John Doe 1 and Jane Doe 1,**
**On Behalf of Their Minor Child 1)**

178.     Plaintiffs incorporate all preceding paragraphs into this Count by reference as though fully stated herein.

179.    Defendant Fernandez committed a sexual touching of the Plaintiffs, Minor 1 and Minor 2.

180.    When Defendant Fernandez committed the touching, he acting voluntarily, on purpose and not by mistake or accident.

181.    Plaintiffs, Minor 1 and Minor 2, did not and could not consent to the touching.

182.    The touching was to a part of the Plaintiffs' bodies that would cause fear, shame, humiliation or mental anguish in a person of reasonable sensibility when done without consent.

183.    As a direct and proximate result of Defendant Fernandez's assault, Minor 1 sustained and continues to sustain injuries for which Minor 1 is entitled to be compensated, including but not limited to:

    a.   Past, present, and future physical and psychological pain, suffering and impairment;

    b.   Medical bills, counseling, and other costs and expenses for past and future medical and psychological care;

    c.   Impaired educational capacity;

    d.   Impaired earning capability;

    e.   Attorneys' fees and costs; and

    f.   Such other and further relief as this Court deems just and proper.

### COUNT VI

**(Assault)**
**(Asserted Against Defendant Fernandez By Jane Doe 2,**
**On Behalf of Her Minor Child 2)**

184.    Plaintiffs incorporate all preceding paragraphs into this Count by reference as though fully stated herein.

185.    Defendant Fernandez committed a sexual touching of the Plaintiffs, Minor 1 and Minor 2.

186.    When Defendant Fernandez committed the touching, he acting voluntarily, on purpose and not by mistake or accident.

187.    Plaintiffs, Minor 1 and Minor 2, did not and could not consent to the touching.

188.    The touching was to a part of the Plaintiffs' bodies that would cause fear, shame, humiliation or mental anguish in a person of reasonable sensibility when done without consent.

189.    As a direct and proximate result of Defendant Fernandez's assault, Minor 2 sustained and continues to sustain injuries for which Minor 2 is entitled to be compensated, including but not limited to:

a.    Past, present, and future physical and psychological pain, suffering and impairment;

b.    Medical bills, counseling, and other costs and expenses for past and future medical and psychological care;

c.    Impaired educational capacity;

d.    Impaired earning capability;

e.    Attorneys' fees and costs; and

f.    Such other and further relief as this Court deems just and proper.

## COUNT VII

**(Assault/Aiding and Abetting)**
**(Asserted Against Defendants LAMB, Cottman, and Encinas By**
**John Doe 1 and Jane Doe 1, On Behalf of Their Minor Child 1)**

190.    Plaintiffs incorporate all preceding paragraphs into this Count by reference as though fully stated herein.

191.    Defendant Fernandez committed a sexual touching of the Plaintiffs, Minor 1 and Minor 2.

192.    When Defendant Fernandez committed the touching, he acting voluntarily, on purpose and not by mistake or accident.

193.    Plaintiffs, Minor 1 and Minor 2, did not and could not consent to the touching.

194.    The touching was to a part of the Plaintiffs' bodies that would cause fear, shame, humiliation or mental anguish in a person of reasonable sensibility when done without consent.

195.    Defendants LAMB, Cottman and Encinas aided and abetted Defendant Fernandez's assaultive conduct, in that their presence as decision-makers at LAMB was intended to help Defendant Fernandez maintain his employment at LAMB and facilitated his criminal conduct upon LAMB students.

196.    As a direct and proximate result of Defendants LAMB, Cottman and Encinas's actions and inactions, Minor 1 sustained and continues to sustain injuries for which Minor 1 is entitled to be compensated, including but not limited to:

    a.   Past, present, and future physical and psychological pain, suffering and impairment;

    b.   Medical bills, counseling, and other costs and expenses for past and future medical and psychological care;

    c.   Impaired educational capacity;

    d.   Impaired earning capability;

    e.   Attorneys' fees and costs; and

    f.   Such other and further relief as this Court deems just and proper.

## COUNT VIII

**(Assault/Aiding and Abetting)**
**(Asserted Against Defendants LAMB, Cottman, and Encinas,**
**By Jane Doe 2, On behalf of Her Minor Child 2)**

197.    Plaintiffs incorporate all preceding paragraphs into this Count by reference as though fully stated herein.

198.    Defendant Fernandez committed a sexual touching of the Plaintiffs, Minor 1 and Minor 2.

199.    When Defendant Fernandez committed the touching, he acting voluntarily, on purpose and not by mistake or accident.

200.    Plaintiffs, Minor 1 and Minor 2, did not and could not consent to the touching.

201.    The touching was to a part of the Plaintiffs' bodies that would cause fear, shame, humiliation or mental anguish in a person of reasonable sensibility when done without consent.

202.    Defendants LAMB, Cottman and Encinas aided and abetted Defendant Fernandez's assaultive conduct, in that their presence as decision-makers at LAMB was intended to help Defendant Fernandez maintain his employment at LAMB and facilitated his criminal conduct upon LAMB students.

203.    As a direct and proximate result of Defendants LAMB, Cottman and Encinas's actions and inactions, Minor 2 sustained and continues to sustain injuries for which Minor 2 is entitled to be compensated, including but not limited to:

   a.  Past, present, and future physical and psychological pain, suffering and impairment;

   b.  Medical bills, counseling, and other costs and expenses for past and future medical and psychological care;

    c.   Impaired educational capacity;

    d.   Impaired earning capability;

    e.   Attorneys' fees and costs; and

    f.   Such other and further relief as this Court deems just and proper.

## COUNT IX

**(Gross Negligent Infliction of Emotional Distress)**
**(Asserted Against Defendants LAMB, Cottman, and Encinas, By**
**John Doe 1 and Jane Doe 1, On Behalf of Their Minor Child 1)**

204.    Plaintiffs incorporate all preceding paragraphs into this Count by reference as though fully stated herein.

205.    The Defendants had a relationship with Plaintiffs Minor 1 and Minor 2 and had undertaken an obligation to the Plaintiffs of a nature that would implicate the Plaintiffs' emotional well-being.

206.    Due to the nature of the relationship, *in loco parentis*, between the Defendants and the Plaintiffs, there is a likely risk that the Defendant's gross negligence would cause serious emotional distress to the Plaintiffs.

207.    The Defendants breached their obligations and duty of reasonable care with respect to the Plaintiffs.

208.    The Defendants actions and inactions did in fact cause serious emotional distress to the Plaintiffs.

209.    As a direct and proximate result of the Defendants' actions and inactions, Minor 1 sustained and continues to sustain injuries for which Minor 1 is entitled to be compensated, including but not limited to:

a.   Past, present, and future physical and psychological pain, suffering and impairment;

b.   Medical bills, counseling, and other costs and expenses for past and future medical and psychological care;

c.   Impaired educational capacity;

d.   Impaired earning capability;

e.   Attorneys' fees and costs; and

f.   Such other and further relief as this Court deems just and proper.

## COUNT X

**(Gross Negligent Infliction of Emotional Distress)**
**(Asserted Against Defendants LAMB, Cottman, and Encinas, By**
**Jane Doe 2, On Behalf of Her Minor Child 2)**

210.   Plaintiffs incorporate all preceding paragraphs into this Count by reference as though fully stated herein.

211.   The Defendants had a relationship with Plaintiffs Minor 1 and Minor 2 and had undertaken an obligation to the Plaintiffs of a nature that would implicate the Plaintiffs' emotional well-being.

212.   Due to the nature of the relationship, *in loco parentis*, between the Defendants and the Plaintiffs, there is a likely risk that the Defendant's gross negligence would cause serious emotional distress to the Plaintiffs.

213.   The Defendants breached their obligations and duty of reasonable care with respect to the Plaintiffs.

214.   The Defendants actions and inactions did in fact cause serious emotional distress to the Plaintiffs.

215.    As a direct and proximate result of the Defendants' actions and inactions, Minor 2 sustained and continues to sustain injuries for which Minor 2 is entitled to be compensated, including but not limited to:

     a.   Past, present, and future physical and psychological pain, suffering and impairment;

     b.   Medical bills, counseling, and other costs and expenses for past and future medical and psychological care;

     c.   Impaired educational capacity;

     d.   Impaired earning capability;

     e.   Attorneys' fees and costs; and

     f.   Such other and further relief as this Court deems just and proper.

## COUNT XI

**(Intentional Infliction of Emotional Distress)**
**(Asserted Against Defendant Fernandez By**
**John Doe 1 and Jane Doe 1, On Behalf of Their Minor Child 1)**

216.    Plaintiffs incorporate all preceding paragraphs into this Count by reference as though fully stated herein.

217.    Defendant Fernandez engaged in extreme and outrageous conduct, including, but not limited to, the sexual assaults he perpetrated on Minor 1 and Minor 2.

218.    Defendant Fernandez's extreme and outrageous conduct intentionally or recklessly caused Minor 1 and Minor 2 severe emotional distress.

219.    As a direct and proximate result of the Defendant Fernandez's conduct, Minor 1 sustained and continues to sustain injuries for which Minor 1 is entitled to be compensated, including but not limited to:

a. Past, present, and future physical and psychological pain, suffering and impairment;

b. Medical bills, counseling, and other costs and expenses for past and future medical and psychological care;

c. Impaired educational capacity;

d. Impaired earning capability;

e. Attorneys' fees and costs; and

f. Such other and further relief as this Court deems just and proper.

## COUNT XII

**(Intentional Infliction of Emotional Distress)**
**(Asserted Against Defendant Fernandez By**
**Jane Doe 2, On Behalf of Her Minor Child 2)**

220.    Plaintiffs incorporate all preceding paragraphs into this Count by reference as though fully stated herein.

221.    Defendant Fernandez engaged in extreme and outrageous conduct, including, but not limited to, the sexual assaults he perpetrated on Minor 1 and Minor 2.

222.    Defendant Fernandez's extreme and outrageous conduct intentionally or recklessly caused Minor 1 and Minor 2 severe emotional distress.

223.    As a direct and proximate result of the Defendant Fernandez's conduct, Minor 2 sustained and continues to sustain injuries for which Minor 2 is entitled to be compensated, including but not limited to:

g. Past, present, and future physical and psychological pain, suffering and impairment;

h.   Medical bills, counseling, and other costs and expenses for past and future medical and psychological care;

i.   Impaired educational capacity;

j.   Impaired earning capability;

k.   Attorneys' fees and costs; and

l.   Such other and further relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Jane Doe 1 and John Doe 1, on behalf of Minor 1, pray the Court for judgment against Defendants jointly and severally, for an amount of no less than $10,000,000, on each count, for compensatory and punitive damages, together with costs of this suit, legal interest, reasonable attorney's fees, and such other relief as the Court may deem just and proper under the circumstances.

WHEREFORE, Plaintiff Jane Doe 2 on behalf of Minor 2, prays the Court for judgment against Defendants jointly and severally, for an amount of no less than $10,000,000, on each count, for compensatory and punitive damages, together with costs of this suit, legal interest, reasonable attorney's fees, and such other relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable herein.

Respectfully submitted,

STEVEN J. McCOOL
D.C. Bar No. 429369
JOSEPH T. MALLON, JR.
D.C. Bar No. 441316
JULIA M. COLEMAN
D.C. Bar No. 1018085
MALLON & McCOOL, LLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
Office: (202) 393-7088
Mobile: (202) 680-2440
Fax: (202) 293-3499
smccool@mallonandmccool.com
jcoleman@mallonandmccool.com
jmallon@mallonandmccool.com

*Counsel for Plaintiffs*